UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**JOAN GILMER**,

    Plaintiff,

vs.

**BUREAU VERITAS COMMODITIES AND TRADE, INC.** f/k/a **INSPECTORATE AMERICA CORP.**,

    Defendant.

_____/

CASE NO:

_____

**JURY TRIAL DEMANDED**

_____

## COMPLAINT

COMES NOW, Plaintiff JOAN GILMER, through her undersigned counsel, and files this Complaint under 42 U.S.C. §1981 and 29 U.S.C. §2601, *et seq.*, and states:

## INTRODUCTION

1. Plaintiff files this Complaint and complains of discrimination on the basis of race/national origin under 42 U.S.C. §1981, and complains of retaliatory discharge under 29 U.S.C. §2601, *et seq.*

2. This action seeks compensatory and punitive damages, emotional distress and mental anguish damages, and attorney's fees.

## PARTIES

3. Plaintiff, Joan Gilmer, is a resident of Alvin, Texas.

4. Defendant, Bureau Veritas Commodities and Trade, Inc., is a foreign profit corporation authorized to do business in the State of Florida, and service is authorized on its registered agent: CT Corporation System, 1200 S. Pine Island Rd., #250, Plantation, FL 33324.

1

## VENUE

5. Venue is appropriate in the United States District Court for the Southern District of Florida in that the Defendant does business in this district, as required under 28 U.S.C. §1391.

## JURISDICTION

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves federal question jurisdiction.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

8. All conditions precedent to the filing of this action have been met by Plaintiff, in that the filing of this lawsuit has been accomplished within the statute of limitations as required under 42 U.S.C. §1981 and 29 U.S.C. §2601.

## FACTS

9. Plaintiff was hired by Inspectorate America Corporation in June 2014 as a contractor. Approximately a year later Plaintiff became an at-will employee. On March 10, 2020, Inspectorate America Corporation changed its name to Bureau Veritas Commodities and Trade, Inc., the Defendant in this case.

10. At the time of her termination from the Defendant's employ on August 31, 2018, Plaintiff was a Senior Business Analyst for Defendant.

11. Plaintiff was born in the United States of America and is Caucasian.

12. Defendant's employee, Ashish Goenka, was Plaintiff's Project Manager.

13. Mr. Goenka was not a United States citizen. He was from India, and working for Defendant on an H-1B Visa. Mr. Goenka has the brown skin coloring that is typical of people of Indian descent.

14. Jay Patel, Plaintiff's co-worker, was a Business Analyst for Defendant, and is a United States citizen.

15. Both Plaintiff and Mr. Patel were terminated by Defendant on August 31, 2018.

16. Before the termination, Defendant used, *inter alia*, two competing technological applications. One was called Trade Operating Core Model (TOCM). It was used in the United States, Canada, and the Caribbean. The other application was called OMS, and it was used in Europe.

17. Just before Plaintiff was terminated, Defendant had decided to stop work on TOCM. There was only one project from TOCM that would continue moving forward, which was a project to interface Defendant's application with a third-party vendor's application called Navarik.

18. At the time of her termination, Plaintiff and her developer in India were the two employees who were developing the interface between TOCM and Navarik. They had been working on the Navarik project for over a year.

19. At the time Plaintiff was informed of the upcoming termination, she was ordered to train another Business Analyst, Shweta Upadhyah, to perform Plaintiff's duties relating to the Navarik project.

20. Shweta Upadhyah was not a United States citizen. She is from India, and she was working for Defendant under an H-1B Visa. Ms. Upadhyah has the brown skin coloring typical of people of Indian descent.

21. Shweta Upadhyah was not terminated when Plaintiff and Mr. Patel were terminated.

22. The corporate decision-makers who decided to terminate Plaintiff and Mr. Patel were not United States citizens. They were British, Pakistani, and Indian.

23. Plaintiff was better qualified for the Business Analyst position than was Shweta Upadhyah because Plaintiff had developed the Navarik project and had served as the liaison between Navarik and Defendant. Plaintiff's superior qualification was evidenced by the fact that she was required to train Ms. Upadhyah regarding the operation and use of Navarik before Plaintiff was terminated. Ms. Upadhyah had never previously been involved with the Navarik project.

24. In reality, Plaintiff was terminated because of her race and national origin, as evidenced by, among other things, the fact that she was terminated while Ms. Upadhyah was not terminated, where Ms. Upadhyah was dark skinned from India and Plaintiff was light skinned from the United States and where Plaintiff was more qualified than Ms. Upadhyah for Defendant's project that was moving forward after Plaintiff's termination.

25. During the months leading up to Plaintiff's termination, she was required to take certain days off to assist her elderly mother with serious medical needs.

26. Plaintiff's Project Manager, Ashish Goenka, reprimanded Plaintiff for taking time off from work to assist her mother.

27. In addition to being terminated because of her race/national origin, Plaintiff was also terminated in retaliation for taking time off to assist her elderly mother with serious medical needs, in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*.

## **COUNT I: RACE/NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. §1981**

28.     Plaintiff incorporates the allegations made in Paragraphs 1 through 27 herein.

29.     Title 42 U.S.C. §1981, *inter alia*, protects at-will employees from employment discrimination on the basis of race because at-will employment in Florida is a form of contract. *Knight v. Palm City Millwork & Supply Co.*, 78 F. Supp. 2d 1345, 1346-48 (S.D. Fla. 1999); *Wilson v. Boca W. Master Ass'n*, 2019 U.S. Dist. LEXIS 44010 (S.D. Fla. 2019).  Defendant offered to pay Plaintiff for her work, and Plaintiff accepted that offer by performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

30.     Defendant, by and through its agents and employees, particularly Ashish Goenka and his supervisors, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

31.     Plaintiff was terminated because of her race/national origin.

32.     Had Plaintiff not been a Caucasian person of United States origin, Defendant would not have terminated Plaintiff's employment.

33.     As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

34.     Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering.  The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

35. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT II: RETALIATORY DISCHARGE UNDER THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §2601, *et seq.*

36. Plaintiff incorporates the allegations made in Paragraphs 1 through 27 herein.

37. Plaintiff worked for Defendant for more than one year at the time she began taking time off to assist her mother with her serious health needs.

38. During the 12-month period before Plaintiff began taking time off to care for her mother and her serious health needs, she worked for more than 1,250 hours for Defendant.

39. Defendant had more than 50 employees within 75 miles of Plaintiff's work location in Houston, Texas at the time Plaintiff's employment was terminated.

40. Plaintiff informed Defendant of her need to take time off to assist her mother with her serious medical needs by informing her manager, Project Manager Ashish Goenka, each time she missed work as soon as she knew she would need to miss work.

41. The care of a parent who has a serious health condition is an "FMLA-qualifying" event.

42. Defendant chose to terminate Plaintiff because she took time off to care for her mother's serious medical needs, as evidenced by Ashish Goenka's reprimand of Plaintiff for taking time off to care for her mother's serious medical needs, and as evidenced by the fact that Goenka did not terminate Ms. Upadhyah even though she was less qualified for the position than was Plaintiff.

43.     If Plaintiff had not taken time off work to care for her mother's serious medical needs, Defendant would not have fired her.

44.     When Defendant terminated Plaintiff's employment because of her FMLA-protected leave, the Defendant violated the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*.

45.     As a direct and proximate result of the Defendant's conduct that violated the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*.  Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

46.     Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering.  The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

47.     Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings.  Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## **JURY TRIAL DEMANDED**

48.     Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff requests damages and reasonable attorney fees from Defendant pursuant to the 42 U.S.C. §1981, 29 U.S.C. §2601, *et seq*., and any other applicable authority (statute/law, etc.), to be proven at the time of trial for all compensatory damages, exemplary

damages, and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**Dated: July 13, 2020**　　　　　　　　　　　　**COANE AND ASSOCIATES, PLLC**

By: ＿＿/s/ Lisa Kuhlman＿＿＿＿＿＿
**Lisa Kuhlman**
Florida Bar No. 978027
Email: lisa.kuhlman@coane.com
**Arthur Mandel**
Florida Bar No. 22753
Email: Arthur.mandel@coane.com
1250 E. Hallandale Beach Blvd., Suite 303
Phone: (305) 538-6800
Fax: (866) 647-8296
***ATTORNEYS FOR PLAINTIFF***

**Coane and Associates, PLLC**

**Bruce A. Coane**
bruce.coane@gmail.com
S.D. Tex. #7205
5177 Richmond Ave., Suite 770
Houston, TX 77056
Phone: (713) 850-0066
Fax: (713) 850-8528
***OF COUNSEL FOR PLAINTIFF***